IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRONZE BUFFALO CLUB COMPANIES, LLC,** a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>**TETON RIDGE IP HOLDCO, LLC,**<br><br>Defendant. | Trademark Trial and Appeal Board TTAB Parent OPP No. 91274177<br><br>No. 2:05-mc-2025 (W.D.Pa.)<br><br>**MOTION TO COMPEL WITNESS'S APPEARANCE AT DEPOSITION**<br><br>Misc. No. _____<br><br>United States District Judge _____ |

AND NOW comes the Movant, Bronze Buffalo Club Companies, LLC ("BBCC"), pursuant to Rule 5 of the Federal Rules of Civil Procedure, by and through its attorneys, William F. Ward, Esquire, and the law firm of Rothman Gordon, P.C., and respectfully moves this Court for an Order confirming service of a Deposition Subpoena upon the Deponent, Thomas Tull ("Tull"), of Sewickley, PA, and <u>compelling Tull's appearance and testimony at his video deposition on September 27, 2023</u>.

In support of this motion, BBCC respectfully avers as follows:

1.  BBCC and Teton Ridge IP Holdco, LLC ("Teton Ridge"), are parties in a dispute pending before the Trademark Trial and Appeal Board (TTAB), at TTAB Parent OPP No. 91274177.

2.  Discovery in that dispute is scheduled to close on September 29, 2023. However, that discovery deadline has been suspended without date pending expert discovery.

3.     BBCC has provided notice to Teton Ridge that it intends to take the video deposition of Tull on September 27, 2023.

4.     Tull is represented by legal counsel. Specifically, BBCC has been advised that Brad Funari, Esquire ("Funari"), of Reed Smith, LLP, in Pittsburgh, PA, represents Tull in this matter.

5.     On or about June 22, 2023, a deposition subpoena was left for Tull at Tull's dwelling-place in Idaho.

6.     In response to the service of Tull's deposition subpoena, Funari informed BBCC's counsel in Salt Lake City, UT, as follows: "Please be advised that Reed Smith, LLP, represents Thomas Tull with respect to Bronze Buffalo Club Companies, LLC's purported third-party subpoena left in his residential mailbox on or about June 22, 2023."

7.     Funari alleged various reasons why he believed Tull was justified in ignoring the subpoena left at Tull's dwelling-place in Idaho.

8.     Since July 2023, counsel for BBCC has sent at least four emails to Funari requesting that Funari accept service of a Deposition Subpoena on behalf of Tull.

9.     As of September 12, 2023, Funari had not responded to any of the emails sent to him by Utah counsel.

10.    On September 12, 2023, the undersigned counsel, together with BBCC's counsel in Utah, issued a Deposition Subpoena for Tull from the United States District Court for the Western District of Pennsylvania.  A copy of the Deposition Subpoena is attached hereto as Exhibit A.  The subpoena commands Tull to appear and testify in the

TTAB matter, via remote video conferencing, on September 27, 2023, at 11:00 a.m. EDT. The subpoena does not command the production of any documents.

11. On September 12, 2023, BBCC's counsel in Utah served (via email) a copy of Tull's Deposition Subpoena upon Funari. *See* Exhibit B.

12. As of September 14, 2023, Funari had not responded to any of the emails sent to him by Utah counsel. (Only today, September 20, 2023, did Funari finally respond, via email, to the September 12th email that he received from counsel in Utah.)

13. In view of Funari's persistent refusal to accept service of Tull's Deposition Subpoena, BBCC's counsel retained CSI Investigators, Inc. ("CSI"), to personally serve Tull at Tull's home in Sewickley, PA.

14. Accordingly, on September 14, 2023, Faithann Kohser ("Kohser") of CSI to attempt to personally serve the deposition subpoena upon Tull. Upon arrival of Tull's residence, Kohser observed that the entrance to the residence sits beyond a guarded security gate. Upon arrival, Kohser spoke with an unidentified member of Tull's security staff through an intercom system. The responding employee stated that they could not accept papers on Tull's behalf and would not allow CSI or Kohser any access to ring Tull's doorbell to personally serve the Deposition Subpoena. Further, Tull's security guards refused to allow the Deposition Subpoena to be left at the security gate.

15. This motion is supported by the Affidavits of Faithann Kohser and T. Edward Cundick, Esquire, which are attached hereto as Exhibits C and D, respectively. Based upon the statements in the affidavits, there is good cause to believe that Tull is avoiding service of the subpoena.

16. Tull is man of substantial wealth and means, and he owns multiple residences in multiple states. As noted above, Tull employs a security team to prevent the public and process servers from gaining access to his homes and to spaces where he might otherwise be found.

17. Despite multiple attempts to either serve Tull or persuade his identified counsel to accept service on his behalf, Tull has evaded service of the Deposition Subpoena issued by this Court.

18. BBCC has attempted to comply with the service provisions of Rule 45(b)(1) of the Federal Rules of Civil Procedure by having CSI attempt to personally serve Tull. Further, in earlier emails to Funari, counsel for BBCC offered to tender Tull's witness fee for Tull's appearance at his video deposition.

19. BBCC has complied with the service provisions of Rule 5(b)(1) of the Federal Rules of Civil Procedure by serving Funari with Tull's Deposition Subpoena.

20. In view of Funari's refusal to accept service and Tull's security guards' denial of access to CSI to hand the subpoena to Tull (or to leave it at Tull's dwelling), BBCC also utilized alternative service for the subpoena. Consequently, on September 19, 2023, counsel for BBCC mailed a copy of Tull's Deposition Subpoena to Tull at his last known address in Sewickley, PA. In this case, Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure provides that mailing the subpoena to Tull at his last known home address constitutes service that is "…complete upon mailing."

21. Tull was effectively served, through his counsel, on September 12, 2023; further, service was completed upon Tull by United States Mail upon the mailing of the Deposition Subpoena to Tull's home in Sewickley, PA, on September 19, 2023.

WHEREFORE, based upon the foregoing, BBCC requests an Order of Court confirming BBCC's acts of e-mailing said subpoena to Funari and mailing said subpoena to Tull to be sufficient, complete, and effective service. Accordingly, BBCC further requests that that the Order of Court compel Tull to appear and testify remotely at his scheduled video deposition on September 27, 2023, at 11:00 a.m. EDT.

ROTHMAN GORDON, P.C.

By: */s/ William F. Ward*
William F. Ward, Esquire
PA I.D. No. 25266
310 Grant Street – 3rd Floor
Pittsburgh, PA 15219
(412) 338-1154 – Direct
(412) 246-1754 – Fax
WFWard@rothmangordon.com

Attorneys for Bronze Buffalo Club
Companies, LLC

OF COUNSEL:

Roger J. McConkie, Esquire
Workman Nydegger, P.C.
60 E. South Temple – Suite 1000
Salt Lake City, UT 84111
(801) 321-8853
RMcConkie@WNLaw.com

Attorneys for Bronze Buffalo
Club Companies, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within *Motion to Compel Witness's Appearance at Deposition* was served upon the following counsel by first class mail:

Brad A. Funari, Esquire
Reed Smith, LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222

| | |
|---|---|
| _September 20, 2023_____ | ___/s/ William F. Ward___ |
| Date | William F. Ward |