IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRONZE BUFFALO CLUB COMPANIES, LLC, a Utah Limited Liability Company, ) ) ) ) | |
| Plaintiff, ) ) | Miscellaneous No. 23-1025 |
| v. ) ) | |
| TETON RIDGE IP HOLDCO, LLC, ) ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

This matter involves Bronze Buffalo Club Companies, LLC's ("Bronze Buffalo") efforts to subpoena Thomas Tull to submit to a deposition in an administrative trademark opposition proceeding pending before the Trademark Trial and Appeal Board ("TTAB") at TTAB Parent OPP No. 91274177.[1]  Presently before the Court is Mr. Tull's Motion to Strike Bronze Buffalo's Subpoena to Compel Witness's Appearance at Deposition, along with his supporting Brief, a Proof of Service, and a Declaration.  (Docket Nos. 26, 26-1, 26-2).  Bronze Buffalo filed a Response in Opposition and supporting Declaration.  (Docket Nos. 28, 28-1).  Bronze Buffalo and Mr. Tull previously filed duelling motions to enforce or quash the subpoena.  After conducting oral argument on their prior motions, the Court denied Bronze Buffalo's motion to compel Mr. Tull's deposition attendance without prejudice, concluding that it had not effectuated personal service of the subpoena on Mr. Tull.  (Docket No. 24).  The Court denied Mr. Tull's motion to quash the subpoena as moot.  (*Id.*).  Bronze Buffalo now asserts that it has effectuated service of the subpoena

---

[1] The Federal Rules of Civil Procedure apply to TTAB proceedings.  *See* 37 C.F.R. § 2.120.

1

on Mr. Tull, who once again moves to strike or quash it.  For the reasons set forth herein, Mr. Tull's motion is DENIED.

First, the record convincingly demonstrates that Bronze Buffalo effectuated personal service of the subpoena upon Mr. Tull by way of a process server on December 8, 2023, in accordance with Federal Rule of Civil Procedure 45(b).  (Docket Nos. 26-1, 28-1).  While Mr. Tull objects to the public setting in which he was served and makes hyperbolic and unsupported accusations that Bronze Buffalo's process server committed "criminal conduct on private school grounds" (Docket No. 26 at 3), Mr. Tull fails to demonstrate that the process server trespassed on private property or otherwise deployed deceptive or improper means to effectuate service of the subpoena upon him.  The Court concludes that Rule 45(b) has been satisfied because Mr. Tull was personally served with the subpoena and such service was proper.

Next, Mr. Tull challenges the validity of the subpoena because it seeks to conduct the deposition by "remote conferencing" (Docket No. 26 at 7) for the convenience and efficiency of all involved, rather than at a specified place as required by Federal Rules of Civil Procedure 45(a)(1)(A)(iii) and 45(c)(1)(A).  The Court notes that Federal Rule of Civil Procedure 45(d)(1) requires Bronze Buffalo to take reasonable steps to avoid imposing undue burden or expense on Mr. Tull, and Mr. Tull himself recognizes the efficiency of participating in such deposition by remote means by reserving his "right" to participate in the deposition *via* video conferencing. (Docket No. 26 at 9 n. 2).   Although the subpoena fails to specify the place of compliance, the Court may modify the subpoena and elects to do so here to secure the just, speedy, and inexpensive determination of this proceeding.  *See* Fed. R. Civ. P. 1.  Accordingly, the Court hereby modifies the subpoena to specify the place of compliance within this judicial district to be 310 Grant Street, Suite 300, Pittsburgh, Pennsylvania 15219.

Finally, the Court notes Mr. Tull's previously articulated objections to the subpoena and his statement "expressly reserv[ing] his right to move to quash the subpoena if it is ever properly served." (Docket No. 26 at 3). Mr. Tull previously argued that the anticipated subjects of his putative deposition testimony would be duplicative of other testimony and would subject him to "undue burden and harassment" because he is "a prominent and exceptionally busy individual." (Docket No. 6 at 9-10). Mr. Tull also argued that the "apex doctrine" further supports quashing the subpoena because he is not a corporate officer or managing agent of Teton Ridge IP Holdco, LLC ("Teton Ridge"), and because Bronze Buffalo already took deposition testimony of a Teton Ridge corporate representative on "dozens of topics under Rule 30(b)(6), and she was questioned at length regarding the creation of Teton Ridge's trademarks and the handful of communications she had with Mr. Tull regarding that issue." (Docket No. 6 at 11). The legal authorities Mr. Tull cites in support of this argument protect high ranking corporate executives from being compelled to testify on matters of which they have no direct knowledge. *See*, *e.g.*, *Piontek v. I.C. Sys.*, Civ. No. 1:08-1207, 2008 WL 7674787, at *1-2 (M.D. Pa. Oct. 22, 2008); *Roman v. Cumberland Ins. Grp.*, Civ. Action No. 07-CV-1201, 2007 WL 4893479, at *1 n.1 (E.D. Pa. Oct. 26, 2007). Here, Mr. Tull asserts his status as a nonparty who is not a corporate officer or managing agent of Teton Ridge. (Docket Nos. 6 at 11, 26 at 1-2). Moreover, other testimonial and documentary evidence demonstrates that Mr. Tull had direct involvement in multiple communications with Teton Ridge's corporate representative concerning the creation, adoption, and use of the trademarks at issue in the TTAP proceedings. (Docket Nos. 1-3, 6-1, & 9 at 4). Consequently, Mr. Tull's argument that the subpoena ought to be stricken or quashed pursuant to the apex doctrine is unavailing. Moreover, the Federal Rules of Civil Procedure apply to everyone equally regardless of one's proclaimed prominence, and this Court sees no reason why Mr. Tull would be unduly burdened

by answering deposition questions regarding a narrow range of matters for which he had personal and direct involvement, especially since he has had ample advance notice and could participate remotely from nearly any location.

For the reasons set forth herein, Mr. Tull's Motion to Strike Bronze Buffalo's Subpoena to Compel Witness's Appearance at Deposition is DENIED.

## ORDER

AND NOW this 2nd day of January, 2024, upon consideration of Thomas Tull's Motion to Strike Bronze Buffalo Club Companies, LLC's Subpoena to Compel Witness's Appearance at Deposition (Docket No. 26), IT IS HEREBY ORDERED that said motion is DENIED.

IT IS FURTHER ORDERED that:

1. Mr. Tull shall appear and participate in his deposition on January 5, 2024, as commanded by the subpoena served upon him on December 8, 2023, unless another date and time for such deposition is mutually agreed upon by Mr. Tull, Bronze Buffalo Club Companies, LLC, and Teton Ridge IP Holdco, LLC.

2. The subpoena personally served upon Mr. Tull on December 8, 2023, is hereby MODIFIED to specify the place of compliance to be 310 Grant Street, Suite 300, Pittsburgh, Pennsylvania 15219. However, this ORDER shall not preclude Mr. Tull, Bronze Buffalo Club Companies, LLC, and Teton Ridge IP Holdco, LLC from mutually stipulating to specify a different physical location or to conduct the deposition by means of remote video conferencing. The deposition shall be deemed to take place where Mr. Tull answers the questions in accordance with Federal Rule of Civil Procedure 30(b)(4).

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record