IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRONZE BUFFALO CLUB COMPANIES, LLC, *a Utah Limited Liability Company*, | ) ) ) ) |
| Plaintiff, | ) Miscellaneous No. 23-1025 ) |
| v. | ) ) |
| TETON RIDGE IP HOLDCO, LLC, | ) ) |
| Defendant. | ) |

### MEMORANDUM ORDER

Presently before the Court is Thomas Tull's Motion for Reconsideration (ECF No. 30) of this Court's Memorandum Order (the "Order") (ECF No. 29) denying his Motion to Strike Bronze Buffalo Club Companies, LLC's ("Bronze Buffalo") Subpoena to Compel Witness's Appearance at Deposition ("Motion to Strike") (ECF No. 26). The Order commands Mr. Tull to appear and participate in his deposition on January 5, 2024. Mr. Tull files this Motion for Reconsideration on the eve of his ordered deposition. For the reasons set forth herein, Mr. Tull's Motion for Reconsideration is DENIED.

The Court may grant a motion for reconsideration only if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café, by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also Reinig v. RBS Citizens, N.A.*, 386 F. Supp. 3d 602, 607 (W.D. Pa. 2019). Here, Mr. Tull does not argue that there has been an intervening change in the controlling law, nor does he argue that new evidence is available that was not available merely days ago when the Court issued its Order. Accordingly, the Court may grant Mr. Tull's motion only if he can

1

demonstrate that reconsideration is needed to correct a clear error of law or fact or to prevent a manifest injustice. Mr. Tull has failed to do so.

Mr. Tull seems to contend that reconsideration is needed to correct a clear error of fact because the Court's determination that the subpoena was personally and properly served on him was based upon the parties' affidavits without holding an evidentiary hearing. The Court disagrees. First, doing so is in accord with Federal Rule of Civil Procedure 43(c) which permits the Court to resolve motions based upon affidavits.[1] Second, and contrary to Mr. Tull's contention that the Court only relied upon the affidavit testimony of Bronze Buffalo's process server Nicole Stanec, the Court did in fact carefully consider Mr. Tull's proffered affidavit testimony of Jim Miller, Sewickley Academy's Director of Buildings & Grounds, and found that Mr. Miller's testimony did not support Mr. Tull's contention that Ms. Stanec committed criminal trespass or otherwise gained entry by deceptive or improper means when serving the subpoena upon Mr. Tull at a basketball game at Sewickley Academy's Events Center on December 8, 2023. (ECF Nos. 26-2 & 28-1). In the Court's estimation, Mr. Miller's testimony did not support the factual contentions that Mr. Tull's counsel advanced in support of his Motion to Strike nor did his testimony squarely contradict Ms. Stanec's affidavit testimony. Indeed, the Court's Order was rendered based upon a determination regarding the sufficiency of evidence without a need for an evidentiary hearing because credibility determinations were not necessary. As such, there is no clear error of law or fact in need of correction.

Mr. Tull further complains that he did not have an opportunity to supplement the evidentiary record with additional evidence to rebut Ms. Stanec's testimony or to attack her

---

[1] While Mr. Tull's motion refers to both affidavits and declarations, the Court notes that the parties submitted declarations pursuant to 28 U.S.C. § 1746 (permitting unsworn declarations under penalty of perjury to be used "with like force and effect" as an affidavit). The Court will refer to the parties' proffered declarations as "affidavits" herein for consistency with Federal Rule of Civil Procedure 43(c) and for ease of reference.

credibility in conjunction with a reply brief in further support of his Motion to Strike. Yet, Mr. Tull could have proffered more fulsome testimony from Mr. Miller, other Sewickley Academy officials or other attendees at the basketball game who were eyewitnesses of Ms. Stanec's entry, presence, and activities at Sewickley Academy's Events Center on December 8, 2023, or even from Mr. Tull himself. Mr. Tull did not proffer any such testimony in conjunction with his Motion to Strike even though such additional putative evidence would have been available at the time the motion was filed. *See Reinig*, 386 F. Supp. 3d at 607 (reconsideration may be warranted by showing the availability of new evidence which was not available when the court issued its order).

Finally, Mr. Tull contends that the Court's Order prematurely adjudicated his substantive arguments that the subpoena should be quashed, contending that the matter was not yet ripe for disposition. However, the Court notes that Mr. Tull previously submitted substantial briefing on these substantive issues (ECF Nos. 6, 13) and re-raised them here, albeit in a superficial way, by generally summarizing certain of those arguments and referring the Court to his earlier briefing (ECF No. 26 at 3 n. 1). In this context, Mr. Tull's threat to file a separate motion to quash (ECF No. 26 at 3), despite already having made these arguments and despite the impending date for his subpoenaed deposition, seems to be an effort to prolong the process for adjudicating this simple subpoena enforcement action as a litigation tactic to forestall his deposition testimony. There was nothing premature or abstract about Mr. Tull's substantive arguments, and Mr. Tull himself must have considered the factual record sufficiently developed when raising these arguments previously. The Court addressed the substantive arguments advanced by Mr. Tull, and the Court did so mindful of its obligation to administer the Federal Rules of Civil Procedure in a manner that secures the just, speedy, and inexpensive determination of this proceeding. *See* Fed. R. Civ. P. 1.

On the present record, Mr. Tull fails to demonstrate that the adjudication of his substantive arguments for quashing the subpoena is a clear error of law in need of correction.

Finally, Mr. Tull's stated concerns about the purported redundancy, irrelevance, and inadmissibility of his forthcoming deposition testimony may be preserved by proper objections during his deposition for later presentation to the Trademark Trial and Appeal Board as appropriate. Mr. Tull's counsel is forewarned, however, that any such objections at the deposition shall be asserted in a concise, nonargumentative, and nonsuggestive manner, and that the deposition examination shall nonetheless proceed. *See* Fed. R. Civ. P. 30(c).

After careful consideration, the Court concludes that Mr. Tull has not sustained his burden to demonstrate that reconsideration of the Court's Order is warranted. Accordingly, Mr. Tull's Motion for Reconsideration is denied.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 5th day of January 2024, for the reasons set forth above, IT IS HEREBY ORDERED that Thomas Tull's Motion for Reconsideration (Docket No. 30) is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record